IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02972-WYD-BNB

DONNA COLE, individually and on behalf of
PARK PARALEGAL, INC., and
LONA TINDLE

Plaintiffs,

v.

THOMAS COMCOWICH,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion to Dismiss for Lack of Jurisdiction** [Doc. #15, filed 07/12/2010] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiffs filed their Complaint and Jury Demand [Doc. #1] (the "Complaint") on December 21, 2009.  The Complaint contains the following allegations:

1.  This action is brought by plaintiffs Park Paralegal, Inc.; Donna Cole; and Lona Tindle for breach of contract and breach of the implied covenant of good faith and fair dealing. *Complaint*, ¶ 2.

2.  Ms. Cole and Ms. Tindle are paralegals.  Ms. Cole created Park Paralegal, Inc., to provide low cost document preparation services.  Id. at ¶¶ 11-12.

3.  The defendant, Mr. Comcowich,  is an attorney.  Id. at ¶ 13.

4.   In March 2008, Mr. Comcowich met with Ms. Cole, Ms. Tindle, and Shariann Summerrain, all of whom are bankruptcy petition preparers ("BPPs").  They were "seeking an attorney to work with them on bankruptcies, since they were no longer legally able to prepare bankruptcy documents."  Id. at ¶ 15.

5.   Mr. Comcowich reached an agreement with Ms. Cole and Ms. Tindle.  Id. at ¶ 16. "[T]he BPPs were to meet with the client, gather the necessary information, gather the necessary documents, collect the fees, and prepare the bankruptcy petition and other documents.  They would then deposit the client's check into Comcowich's operating account and forward the bankruptcy petition and other documents to Comcowich."  Id. at ¶ 17.  Comcowich was to determine if the client qualified for bankruptcy; contact the client and answer any questions; ensure that the petition complied with the law; transfer the funds into a trust account; file the petition and other documents; pay the filing fee; attend the creditor's meeting; and "perform any other duties that are legally required to be performed by an attorney."  Id. at ¶¶ 21-22.

6.   The BPPs performed all of their duties under the agreement.  Id. at ¶ 19.

7.   Mr. Comcowich failed to contact the clients; sign fee agreements; place all of the funds into the trust account; attend all of the creditor meetings; file appropriate documents with the court; and allowed cases to be dismissed for not curing deficiencies.  Id. at ¶¶ 24-28.

The Complaint asserts three claims for relief.  Claim One seeks a declaration "from this court of the parties' rights and liabilities pertaining to 11 U.S.C. §§ 110 and 526 [of the Bankruptcy Code], and the contract at issue."  Id. at ¶ 31.  Specifically, the plaintiffs seek a declaration that Mr. Comcowich "violated 11 U.S.C. § 526, and breached the contract he had Plaintiffs by failing to contact the clients to explain basic bankruptcy concepts and procedure, by

2

failing to sign the attorney fee agreements, by failing to attend creditors' meetings, by failing to file the debtors' pay advices with the Bankruptcy Court, by failing to serve the debtors' tax returns upon the trustee, and by failing to communicate with Plaintiffs to ensure that his obligations under the statute and contract were met." Id. at ¶ 32.

Claim Two asserts that Mr. Comcowich breached the contract with the BPPs, and Claim Three asserts that he breached an implied covenant of good faith and fair dealing with regard to the contract. Id. at ¶¶ 33-43. The plaintiffs seek a judgment declaring that the defendant breached the contract with the plaintiff; a judgment declaring that the defendant breached the implied covenant of good faith and fair dealing; a judgment that the plaintiffs are entitled to an award of damages for the defendant's breach of contract and breach of the implied covenant of good faith and fair dealing; pre-and post-judgment interest; and attorney's fees and costs. Id. at ¶ 44.

The defendant asserts that the court does not have jurisdiction over this action because, although the plaintiffs attempt to create federal question jurisdiction by seeking declaratory relief under provisions of the Bankruptcy Code, they do not have standing to assert claims under those provisions. Therefore, their action arises solely from the alleged contract.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends.  When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations.  A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case.  The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

The Complaint alleges that the court "has original jurisdiction over this matter because it involves a federal question."  *Complaint*, ¶ 7.  Specifically, the plaintiffs argue that the action "arises in and relates to cases" under the Bankruptcy Code.  *Plaintiffs' Response to Defendant's Motion to Dismiss for Lack of Jurisdiction* [Doc. #23]  (the "Response"), p. 9.  Thus, the jurisdictional challenge arises out of the statutory provisions of the Bankruptcy Code that create the plaintiffs' federal cause of action.  Therefore, I analyze the motion as a motion to dismiss under Rule 12(b)(6), and I accept the allegations of the Complaint as true.

The Complaint's only reference to the Bankruptcy Code is in Claim One, where the plaintiffs seek a declaration "of the parties' rights and liabilities pertaining to 11 U.S.C. §§ 110 and 526."  *Complaint*, ¶ 31.  Section 110 addresses the penalty for a BPP who negligently or

fraudulently prepares bankruptcy petitions.[1]  A debtor, a trustee, a creditor, the United States

trustee, or the court on its own initiative may seek to enforce the various provisions of the

statute.  Section 526 imposes restrictions on debt relief agencies,[2] and provides that the court, a

trustee, or a debtor may move for enforcement of the statute.

A party may not invoke federal court jurisdiction unless prudential standing is satisfied.

Board of County Commissioners of Sweetwater County v. Geringer, 297 F.3d 1108, 1112 (10th

Cir. 2002).  Prudential standing is satisfied by establishing (1) assertion of the party's rights, not

the rights of third parties; (2) the claim is not a generalized grievance; and (3) the plaintiff's

grievance arguably falls within the zone of interests protected or regulated by the statutory

provision invoked.  Id.

Sections 110 and 526 govern the behavior of BPPs and debt relief agencies and provide a

mechanism by which a debtor, creditor, trustee, and/or court may assert claims against BPPs and

debt relief agencies.  The provisions do not provide a mechanism whereby BPPs and debt relief

agencies may assert claims against each other.  The plaintiffs may not assert their own rights

under these provisions, and their grievances are not within the zone of interests protected by

them.  Therefore, the plaintiffs lack prudential standing to assert claims under sections 110 and

526, and the court lacks jurisdiction over these claims.

---

[1]A BPP is defined as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation, a document for filing."  11 U.S.C. § 110(a)(1).

[2]The term "debt relief agency" generally means "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110."  11 U.S.C. § 101(12A).

The Complaint further alleges that the court "also has jurisdiction over this action pursuant to the Declaratory Judgment Act," 28 U.S.C. § 2201. *Complaint*, ¶ 8.  Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Declaratory Judgment Act is procedural in nature and extends the relief available to plaintiffs in federal court without extending the federal court's jurisdiction.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).  Thus, the Declaratory Judgment Act does not establish jurisdiction.

The plaintiffs do not argue that the court has any other basis for federal jurisdiction over this action.[3]

I respectfully RECOMMEND that the Motion [Doc. # 15] be GRANTED and that this case be dismissed for lack of jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de*

---

[3]The plaintiffs assert that the court has supplemental jurisdiction over the state law contract claims pursuant to 28 U.S.C. § 1368.  Id. at ¶ 9.

*novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real</u>

<u>Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated December 1, 2010.

                                   BY THE COURT:

                                    s/ Boyd N. Boland
                                  United States Magistrate Judge