IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02972-WYD-BNB

DONNA COLE, individually and on behalf of PARK PARALEGAL, INC.; and
LONA TINDLE,

    Plaintiffs,

v.

THOMAS COMCOWICH,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    THIS MATTER is before the Court in connection with Defendant's Motion to Dismiss for Lack of Jurisdiction filed July 12, 2010.  This motion was referred to Magistrate Judge Boland for a recommendation by Order of Reference dated April 7, 2010 and Memorandum of July 20, 2010.  A Recommendation of United States Magistrate Judge was issued on December 1, 2010, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Magistrate Judge Boland recommends therein that Defendant's Motion to Dismiss be granted on the basis that the Court lacks jurisdiction over the claims.  The Recommendation notes that Plaintiffs assert the court "has original jurisdiction over this matter because it involves a federal question"; namely, that the action "arises in and relates to cases" under the United States Bankruptcy Code.  (Recommendation at 4) (quotations omitted.)  Magistrate Judge Boland finds that Plaintiffs lack prudential

standing to assert claims under the sections of the Bankruptcy Code cited in the Complaint, 11 U.S.C. §§ 110 and 526, and that the court thus lacks jurisdiction over those claims. (*Id.* at 5.) He also finds that jurisdiction is not proper under the Declaratory Judgment Act as argued by Plaintiffs, since the Act "is procedural in nature and extends the relief available to plaintiffs in federal court without extending the federal court's jurisdiction." (*Id.* at 6). Finally, Magistrate Judge Boland notes that Plaintiffs do not argue that the court has any other basis for federal jurisdiction over this action. (*Id.*)

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after service thereof. (Recommendation at 6.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Boland that Defendant's

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Motion to Dismiss should be granted as the Plaintiffs have failed to show that this Court has jurisdiction over this action. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated December 1, 2010 (ECF No. 25) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction filed July 12, 2010 (ECF No. 15) is **GRANTED** and this case is **DISMISSED**.

Dated: January 4, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge